Richard D. Elley
P.O. Box 6096
Mesa, Arizona 85216
Telephone: (480) 788-4529
Facsimile:   (480) 383-6235
Email:       Richard@ElleyLawOffice.com
*Defendant*

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF VIRGINIA

| | |
|---|---|
| TOM FOLEY, <br><br> Plaintiff, <br><br> v. <br><br> ELLEY LAW OFFICE and RICHARD ELLEY, <br><br> Defendants. | No. 3:14CV599 <br><br> **DEFENDANT'S MOTION TO SET ASIDE DEFAULT** <br><br> RECEIVED <br> OCT 21 <br> CLERK, U.S. DISTRICT COURT <br> RICHMOND, VA |

Defendant Richard Elley dba Elley Law Office hereby moves to set aside the October 17, 2014, entry of default. (No default judgment has been entered.) Plaintiff served Elley, and Elley's first notice of this suit was via certified mail on September 25, 2014. On October 15, 2014, 20 days after service, Elley mailed to Plaintiff's counsel and this Court the Answer to Plaintiff's Complaint denying all allegations of improper actions.

Good cause exists to set aside the default pursuant to Rule 55(c), FEDERAL RULES OF CIVIL PROCEDURE, as an Answer was timely filed, a meritorious defense exists, and all considerations favor Elley and a judgment rendered on the merits.

**RESPECTFULLY SUBMITTED** this 17th day of October, 2014.

By_____
Richard Elley
*Defendant*

1

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. Factual Background

Plaintiff filed suit against Elley on August 27, 2014, and subsequently sent the Complaint via certified mail. The Complaint was received and signed for by Elley on September 25, 2014.

On October 15, 2014, 20 days after service, Elley mailed to Plaintiff's counsel and this Court the Answer to Plaintiff's Complaint denying all allegations of improper actions. A true and correct copy of the Answer is attached hereto as Exhibit A.

## II. Legal Argument

The Fourth Circuit Court of Appeals has "repeatedly expressed a strong preference that, as a general matter, defaults be avoided and that claims and defenses be disposed of on their merits." *Colleton Preparatory Acad., Inc. v. Hoover Universal, Inc*, 616 F.3d 413, 417 (4th Cir. 2010). To set aside an entry of default, the Court considers:

    i.    Whether the moving party has a meritorious defense,
    ii.    Whether the moving party has acted with reasonable promptness,
    iii.    The personal responsibility of the defaulting party,
    iv.    The prejudice to the defaulting party,
    v.    Whether there is a history of dilatory action, and
    vi.    The availability of sanctions less drastic.

*Colleton Preparatory Acad., Inc. v. Hoover Universal, Inc*, 616 F.3d 413, 417 (4th Cir. 2010); *See* Fed. R. Civ. P. 55(c) (providing that if "good cause [is] shown the court may set aside an entry of default").

However, all other considerations aside, "a default should be set aside where the moving party acts with reasonable promptness and alleges a meritorious defense." *Consolidated Masonry & Fireproofing, Inc. v. Wagman Constr. Corp.*, 383 F.2d 249, 251 (4th Cir. 1967).

First, Elley has a <u>meritorious defense</u>. Elley is not a debt collector as defined by the Fair Debt Collection Practice Act ("FDCPA"). As applicable to this Complaint, the FDCPA only applies to an individual who is a debt collector, defined as one who regularly collects debts. 15 U.S.C. 1692a(6). As is intended to be shown in the anticipated Motion for Summary

2

Judgment, Elley has overwhelming indisputable facts showing that he does not regularly collect debts, which will require a complete dismissal of Plaintiff's claims as a matter of law.

Second, Elley has been <u>reasonably prompt</u> by filing the Answer 20 days after service and by mailing this Motion to Set Aside the Default the same day as the entry of Default.

Third, Elley will take <u>full responsibility</u> should it be determined that the Answer was untimely filed.

Fourth, default in this case is <u>extremely prejudicial</u>, Elley has complied with the Civil Rules and filed an Answer within 21 days of service denying the improper allegations of the Complaint. Prohibiting Elley from the fundamental right to defend against a meritless Complaint and subjecting Elley to a judgment likely to be several thousands of dollars, is not equitable given Elley's valid defense and timeliness of the Answer.

Fifth, <u>no history of dilatory action</u> exists.

Sixth, though <u>no sanction</u> would be proper, most all are available to this court.

While all considerations fall in favor of setting aside the default, as detailed by the 4th Circuit, the default should be set aside as Elley has acted with reasonable promptness and alleges a meritorious defense.

### III. Conclusion

For all of the foregoing reasons demonstrated above, Elley request that Plaintiff's Default be set aside.

**RESPECTFULLY SUBMITTED** this 17th day of October, 2014.



By_____
Richard Elley
*Defendant*

**Certificate of Service**

On this 17th day of October, 2014, I personally completed mail service and filing via regular, first class United States mail, postage fully pre-paid, addressed to the following:

Copy to
Dale Pittman
112-A West Tabb Street
Petersburg, VA 23803
Attorney for Plaintiff

And

Original to
United Sates District Court for the Eastern District of Virginia
701 East Broad Street
Richmond, VA 23219

_____
Richard Elley