Richard D. Elley
P.O. Box 6096
Mesa, Arizona 85216
Telephone: (480) 788-4529
Facsimile:   (480) 383-6235
Email:   Richard@ElleyLawOffice.com
*Defendant*



UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF VIRGINIA

| | |
|---|---|
| TOM FOLEY,<br><br>  Plaintiff,<br><br>v.<br><br>ELLEY LAW OFFICE and RICHARD ELLEY,<br><br>  Defendants. | No. 3:14CV599<br><br>**DEFENDANT'S REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO SET ASIDE DEFAULT** |

Richard Elley dba Elley Law Office ("Elley") hereby submits his Reply to Plaintiff's Opposition to Defendants' [sic] Motion to Set Aside Default ("Plaintiff's Response").

Mailing an Answer 20 days after the first notice of this lawsuit and before an accompanying default judgment is acting with reasonable promptness and, as further detailed below, ample evidence supports that Elley is does not regularly collect debts.

Plaintiff's statement that Elley "had knowledge of the Complaint and had ample time to answer" because "Defendants were served on September 18, 2014..."[1] is misleading. Elley did not receive the first notice of the suit until September 25, 2014, and entered into 408 Communications with Plaintiff's counsel the next day. Elley then mailed the Court the Answer on October 15, 2014, seven days after denying Plaintiff's $14,500.00 settlement offer and 20 days from notice of this suit.

---

[1] *See* Plaintiff's Memorandum in Opposition to Defendants [sic] Motion to Set Aside Default p. 1, ¶1.

1

Elley's meritorious defense that he is not a debt collector is supported as approximately 90% of his legal work in the past 24 months has been spent as a full-time employee for a mortgage company in the capacity of General Counsel/Chief Compliance Officer, providing non-FDCPA related legal services. *See* **Exhibit 1**, Elley's 2014 Employee *Time Records* (Detailing full time employment hours); *see also* **Exhibit 2**, National Mortgage Licensing System employment history, found at http://www.nmlsconsumeraccess.org/EntityDetails.aspx/INDIVIDUAL/376935, last visited November 7, 2014 (Showing employment history). The other estimated 10% of Elley's legal services were also non-FDCPA related and included defending individuals from creditor claims, compliance work for non-FDCPA related businesses, and the single representation at issue in this case. Despite Plaintiff's attempt to state otherwise by submitting Elley's protected 408 Communications[2], this case relates to a single representation, for a single client, and only took a few hours to complete. This type of representation had not occurred before and has not occurred since. Further, Elley estimates that this single representation will result in significantly less than 1% of Elley's 2014 income.[3]

In addition to the above evidence showing that Elley is not a debt collector, Elley intends to provide significant evidence further supporting statements made in his Settlement Communications with Plaintiff detailing that he is not a debt collector as a matter of law.[4]

Plaintiff's citation to web page postings and the separate statement in an email that a party has made a complaint that is currently under investigation[5] does not support Plaintiff's allegation of FDCPA applicability nor does it change the law that a lawyer must regularly

---

[2] *See* Elley's 408 Protected Communication attached as Plaintiff's Exhibit B to Plaintiff's Response.

[3] As opposing counsel details in his American Bar Publication, *Fair Debt Collection Practices Act*, genuinely sporadic collection activity is not regular and not subject to the FDCPA. Citing to *Nance v. Petty, Livingston, Dawson & Devening*, 881 F.Supp. 223 (W.D.Va. 1994) (When debt collection cases composed only 0.61% of his practice, and composed only 1.07% of his firm's practice over an 18 month period, defendants were not debt collectors as a matter of law.), found at http://www.americanbar.org/content/dam/aba/events/ legal_ assistance _military_personnel/ls_lamp_cle_mar12_fair_debt_collection_outline.authcheckdam.pdf.

[4] *See* Elley's 408 Protected Communication attached as Plaintiff's Exhibit B to Plaintiff's Response.

[5] *See* Plaintiff's Response, p. 3 & 6.

2

collect debts to be subject to the FDCPA.[6] Elley does not regularly collect debts as shown by his full time employment that does not involve FDCPA activities and the lack of other FDCPA applicable legal representation.

Additionally, Plaintiff's discussion of *Bank of Southside Virginia v. Host & Cook, LLC*, 239 F.R.D. 441 (ED Va. 2007), is not a proper analogy to this case. The issue in *Bank of Southside Virginia* was the default of a contract suit and the defendant's failure to provide a defense to the record in the case that "clearly and convincingly" showed Defendant had no contract necessary to support its meritorious claim because it was subject to the "black-letter contract law...[that states] an offeree who rejects an offer loses the power later to accept that offer." *See id.*

The record here does not support that Elley regularly collects debts. To the contrary, Elley has presented evidence in the form of a signed motion that he does not regularly collect debts, Plaintiff also provided evidence showing Elley's non-FDCPA representation and 408 Communication detailing Elley's full-time non-FDCPA legal work, and Elley now submits additional evidence supporting the lack of FDCPA applicability. Elley believes this case will be decided in his favor on summary judgment.

As a final note, while Elley did eventually receive the Complaint via U.S.P.S. at his P.O. Box, the Complaint delivery may have been delayed as the 3303 E. Baseline Road address was subject to a U.S.P.S. forwarding order placed on June 16, 2014, forwarding all mail to Elley's P.O. Box. *See* **Exhibit 3,** U.S.P.S. Change of Address order.

For the foregoing reasons, Elley requests that the Court liberally construe Rule 55(c) and set aside the Default.

---

[6] *See e.g., Scott v. Jones*, 964 F.2d 314, 316 (4th Cir.1992) (The question of volume, determined on summary judgment, was a critical factor in determining whether the defendant regularly collected debts).

**RESPECTFULLY SUBMITTED** this 7th day of November, 2014.

By _____
Richard Elley
*Defendant*

**Certificate of Service**

On this 7th day of November, 2014, I personally completed mail service and filing via regular, first class United States mail, postage fully pre-paid, addressed to the following:

Copy to
Dale Pittman
112-A West Tabb Street
Petersburg, VA 23803
Attorney for Plaintiff

And

Original to
United States District Court for the Eastern District of Virginia
701 East Broad Street
Richmond, VA 23219

_____
Richard Elley

5